the act of the legislature enacting that code itself. *Ellery* v. *State,* 42 Ariz. 79, 22 Pac. (2d) 838; *Hoy* v. *State,* 53 Ariz. 440, 90 Pac. (2d) 623. This being the case, it is only when the provisions of the code of 1928 are ambiguous that we may refer to the earlier codes to ascertain their meaning. When they are clear, distinct and positive on their face, the language and provisions of previous codes are immaterial.

■ There can be no question that section 4628, *supra,* explicitly and beyond doubt makes the crime of open and notorious cohabitation a felony. The complaint in the present case charges an offense under that section and, such being the case, it might be filed in any precinct in the county.

The order of the superior court appealed from is set aside and the case remanded with instructions to quash the writ of *habeas corpus* heretofore issued.

McALISTER and ROSS, JJ., concur.

[Civil Nos. 4417 and 4416. Filed November 10, 1941.]

[118 Pac. (2d) 1093.]

In the Matter of ELMER GRAHAM and HENRY C. BEUMLER, Members of the State Bar.

No appearance for State Bar.

Henry W. Beumler, for Respondent Beumler.

In the Matter of ELMER GRAHAM, a Member of the State Bar.

No appearance for State Bar or Respondent.

McALISTER, J.—Cause No. 4417 is a proceeding commenced by the integrated state bar to discipline two of its members, Elmer Graham, of Phoenix, Maricopa County, and Henry C. Beumler, of Douglas, Cochise County. A special committee was appointed by the board of governors in 1939 to investigate complaints of professional misconduct by them in connection with certain litigation and on November 2, 1940, pursuant to an order to show cause why they should not be disciplined therefor, a hearing was had thereon in Douglas.

The facts giving rise to the matter are substantially these: Some years prior to 1932, one William Carroll Miller, a citizen of the United States, filed with the Special Mexican Claims Commission of the United